Good morning, may it please the court, counsel. Again, my name is Jay Denn and I'm representing Pam, Pamela Mahler in this appeal of the dismissal upon summary judgment of a case involving claims of retaliation and sexual and retaliatory hostile work environment. There is a variety of issues we've raised in this case. I'm going to begin by directing my attention to the retaliation claims. One point we are making upon appeal relates to the importance and retaliatory intent of the defendants. So Ms. Mahler was terminated in June 15, thereabouts of 2015. She was a management level employee of Community Title. Various employees had made, specifically Charity Archer being foremost among them, made various complaints of sexual There were different employees involved, but primarily involving another employee named Erin Hansen, a male employee. So June 15, she is terminated. It was December of 2015, after Ms. Mahler was terminated, Mr. Anderson, who was Ms. Mahler's direct supervisor, stated to Shannon Norton, and Ms. Norton testified to this in her deposition, something to the effect of those complaints by Archer against Hansen were being egged on by Mahler. Pam lost her way towards the end. The full quote is set forth in the evidence in the briefs. So the issue, what the court found and what the defendants believe the gist of their argument is, is that it's not direct evidence of retaliatory motive because, and I think if I'm reading their argument correctly, that it wasn't made to somebody else involved in the decision making process and it wasn't made at the time of the decision making process to terminate. So the background of direct evidence, what is direct evidence in support of a retaliatory or discriminatory motive? Well, you go back as far as at least the 1990s, cases like the Browning case from the Eighth Circuit. It's just essentially conduct or statements by persons involved in the decision making process that may be viewed as directly reflecting the alleged discriminatory attitude. And the particular importance of whether something is a direct evidence or not is defined under the Young case and other cases of this circuit. When there is direct evidence, the matter goes to trial and if the employer's motive for termination is a trial issue. Well, the case is different from most in that your client herself did not suffer any sexual harassment or anything like that. Basically, retaliation was that they retaliated because she complained that others were being discriminated against. That the underlying sexual harassment claims largely are coming to her from her, yes, people that reported to her. And she was participating in her statutory obligation, I mean obligation under her internal policy. And I think under the, under, you know, she is responsible then as a management level employee for reporting that on to management. Counsel, just to clarify, was it largely or entirely? Which one again? You said they were largely based on claims of others. Is it largely or entirely? That gets into the issue of the sexual harassment. There was an offensive email sent to her by Mr. Anderson. The sexual part of it, we are claiming sexually hostile work environment based upon that incident plus her knowledge of the other incidents as well as dovetailing into a claim for retaliatory harassment. I know that there's, it's one of those issues that various circuits, circuits have come down on that there is a claim for that. As far as I know, the circuit hasn't had a direct chance to decide whether there's a retaliatory harassment claim. So... In effect, if we held in your client's favor, would we be creating a new class, a protected class, those who complain about harassment of others? And what's your best case to support your theory? The, I think the best case in terms of, is it's really undisputed that retaliation, that would be an adverse employment action under the retaliation standard, right? So under for retaliatory harassment, there's a case that's cited in my reply brief. It's Scott versus City of Sioux City where Judge Bennett really lists and just acknowledges, it doesn't seem to have been directly decided by the 8th Circuit, but he lists about eight other circuits that have recognized such a claim. Somebody who is a retaliator. So we would not be an outlier then in the legal world? Correct. Correct. If we ruled in your favor, in your client's favor? Yeah, on that. We would be falling into step with what the other circuits have already found to be a clearly established class? Yes. Protected class? That's my understanding. Back to the direct evidence issue then. So, so you've got this admission, what we claim is an admission, and it's ours, and the judge, Judge Reed, determined in the district court that it wasn't made in the process. And it's our position, again, based upon just reading, thinking analytically, thinking logically, that an admission which directly reflects upon the decision-making process, even if it was not made in the decision-making process itself, should still be considered to be direct evidence of a retaliatory motive or a discriminatory motive. When it gets to be a longer period of time, does it need to be clearer? You know, termination is not mentioned, you know, they pick at you. You know, it seems to me like the longer time it is, the clearer it needs to be. I think that that's a jury issue. I mean, a jury could find that, but I think that that's a jury issue. A jury should be the one to make that kind of decision on what I think the weight, yeah, the weight of the evidence. The import of the statement, we submit losing your way to the end, bringing up stuff to get people riled up, egging on other Ms. Archer to make these complaints about Hanson, is direct enough, particularly when he talks about at the end, that seems to imply or be directly related to the termination process. So I would say the distance from termination, I think truth is, or a statement is a statement regardless of when it's made, but a jury could analyze that accordingly. At the very least, even if it isn't direct evidence, under the McDonnell-Douglas, of course, classic burden shifting paradigm that governs these cases, the prima facie case, we believe there's been some back and forth in the briefing and the arguments about the relevance of temporal proximity. There are some cases, including that, like the Donathan, if I'm pronouncing that right, D-O-N-A-T-H-A-N, case from here in the Eighth Circuit, to mirror eight days between the protected activity and the adverse action is strong evidence of causation. In the Erickson case versus Farmland from a decade or so ago, a prima facie case, which is very strong, can, in and of itself, create evidence of pretext. Is your temporal proximity hurt by the fact that Anderson had email permission to fire her on April 21? You get a preemptive strike, so to speak? You know, I don't think so. Again, I think that that would be a jury question. If there was a discussion regarding that and there was email, the fact is it didn't happen. So what was the linchpin? What was the deciding factor? What was the causation? And it didn't happen under our read of the evidence that, again, a jury could find was that there were a number of things that could have been done. And then she continues to hear from Archer, and she makes another report on June 12th to Mr. Reese, the HR director for the defendants. And she makes that report June 12th. June 15th, she's terminated. So the temporal proximity of just a couple of days there is very strong. You combine that with other evidence, the admission we referred to, with the testimony of Archer that Ms. Tolke, if I'm pronouncing Archer was, let me get that right. Ms. Tolke told Archer when she was investigating the complaint that she was checking on Mahler because she tends to embellish things, keep an eye on her, those types of things. So I think I'm going to, got about four minutes, four and a half minutes. I'm going to reserve my time for a moment. You may. Thank you. Ms. Choime? If it pleases the court, Chris Choime, Jackson Lewis, on behalf of the Appalachian Applelease are various title insurance companies and individuals holding executive offices within those companies under the advertising tagline umbrella the title resource Network TRN Miss Mahler was employed as both vice president and then promoted to regional vice president of the Apple e community title Working in the Sioux City, Iowa geographic area. We're here today because Miss Mahler has appealed Judge Reed's summary judgment order dismissing her three claims that she was subjected to a hostile work environment based on retaliation and sex Secondly discriminated against based on retaliation and due to her sex Then it appears the primary claim that was dismissed Miss Mahler alleges that she was retaliated against for reporting both discrimination and a hostile work environment on behalf of others Miss Mahler alleges that the decision to terminate her employment was motivated by an illegal reason Despite overwhelming evidence to the contrary that she was terminated for legitimate legal reasons related to her performance as to the first claim hostile work environment based on retaliation I think Judge Reed in her order at page 12 of the order and this goes to both the employment claim based on retaliation and the sex discrimination claim based on retaliation in Taking one of the cases cited by the plaintiff the Burlington case said Judge Reed quotes that and says The substantive provisions of title set seven seek to prevent injury to individuals based on who they are their status Contrarily the anti-retaliation provision seek to prevent harm to individuals based on what they do Their conduct judge Reed says neither the purposes of title seven nor the cases cited by Miss Mahler support a hostile work environment claim based on alleged retaliation and Based on that clear that the others some other circuits disagree with that Some do yes. Yes, that's true. The how do you count the noses at this point on the circuits? The way I count the noses is the majority still agrees with the Eighth Circuit. Well, does the Eighth Circuit have a case on this? Not that I'm aware of yes, okay agrees with how you'd like the Eighth Circuit to be I get it Yes, your honor. Absolutely proceed. Okay, the second part of the hostile work environment claim is the Sex Component sex discriminant component where Basically the court held that there was no evidence from Miss Mahler that she herself Was subjected to harassing conduct and that is necessary and required under the prima facie case The only possible evidence was the email from mr. Anderson to Miss Mahler That did have an off-color joke in it Miss Mahler responded to that email as set forth in the record and said Don't worry about it. No offense taken. I did get a good laugh out of it. Thanks for the laugh the court under the Kratzer case found that this was an admission that the work environment was Not abusive and was fatal to the claim this evidence was further augmented by an a text message that Miss Mahler sent to Shannon Norton as she was putting together her ICRC Information and and she said and I quote Miss Mahler said they are asking how were you sexually harassed? And how were you discriminated against and I want to scream I wasn't you blanks I was just fired for reporting it. Okay, and you agree that that could state a Viewer if you're retaliated against for reporting Absolutely, so you better get to that claim it. Yes. Yes, we'll get to the retaliation claim the direct evidence Argument we think In spite of what counsel opposite is argued that the statements by. Mr. Anderson and Shannon or Miss Tolki do not constitute direct evidence specifically We Have case law in this circuit that requires that direct evidence provide a strong causal link between the alleged discriminatory bias and the adverse employment action and Then the bias however must be that of the decision maker and relate to the decision-making process the case law That I know this panel is familiar with the ramlet case and the Twyman case which contained statements from the decision maker during the employment of the Plaintiff in these cases in ramlet the supervisor who made the decision to let This person go in an age case Use the term he wanted to hire a bunch of young dumb and full-of-come guys He wanted young studs to replace the older sales guys in the court Found in affirming summary judgment that this was not sufficient to infer age discrimination in a direct evidence conduct and as it did not relate to the Decision-making process like I frame the key in that case. Excuse me was the time frame the key that was made four months before the termination Yes, you act like it was made right at the time of the termination. Yeah, I didn't mean to mischaracterize it because Specifically it said at least within four months. It was four months outside, which of course we equate To our facts where they're made six months later But yours is six months after is yes or different because before is you know, there's lots of evidence in that ramlet case Yes, I know you're familiar with it six months is is is different Where the decision maker himself Anderson was the person who fired right? No doubt No doubt. Okay, and when he's saying what he did six months before then that would be direct evidence That's like young Losey throw in the yeah, yeah And and in Losey, basically we had an admission that I fired Okay, so how close is this statement to an admission? I don't think it's close at all. Okay, we'll talk about the words It does the words say Mahler had egged Archer on to pursue a claim Mahler got us all riled up about stuff that did not matter that does not have anything to do with the decision-making process in in any substantive way that would be Well within the ramlet and Twyman cases I think it would take an inference at this court under the standard presented would would say you can't make an inference It has to be basically on all fours This in the opinion of the Apple ease doesn't even come close as to miss Tolkien's Without spending too much time on it the the appellant Mahler Admitted during the summary judgment process in response to our undisputed facts that Dennis Anderson was the sole Authority terminating that Tolkien had no authority to terminate and was not involved. So we think that is crystal clear these are not comments from a decision maker and Therefore Do not fall under the direct evidence context Anderson was a decision maker. Yes, but what he did or said was outside the Relevant time frame. In other words, we're not permitted to draw any reasonable inference from what he said or did or didn't do Yes, judge read said it was made outside Well outside the decision-making process to an individual that was not part of the decision Process itself and does not relate to that decision it's simply I believe as judge Reed saw it stray comments that did not come close to meeting the Very rigid standard of direct evidence from this circuit. I think the case is cited on direct evidence by Mahler the Losi case we've discussed where basically yes, summary judgment was reversed when the decision-maker the plant supervisor upon receipt of a written complaint of harassment Wadded it up called it total BS told her to leave and said he never wanted to see you again Okay, that was constant that did constitute direct evidence Pospisil we have an auto parts Case Auto parts industry case where a female plaintiff in a sex discrimination case doesn't get a promotion and during the deposition The decision-maker said well, I didn't think our industry Would look favorably upon having a female in that position and they asked him they said did the fact that she was female Impact your decision and ultimately the answer was yes. So here we have an admission We don't have anything close to that with the statements by Mr. Anderson, or mr Telke very briefly the the cases in addition cited by the plaintiff outside of the a circuit the wheat case The Shelton case I think are clearly distinguishable based on the facts and not applying the same standard which really brings us to the Prima facie case and pretext part of the retaliation Claim What? The lower court found judge Reed found is that in terms of the prima facie case all miss Mahler had going for her was some type of temporal proximity in a in a Three-year employment pretty close takes temporal proximity. Yes, your honor Two of them were within the two-week standard that we see from this circuit The majority of them were outside of that and so on the prima facie argument judge Reed said well initially there may be that inference because it's it's that close but we think that she thinks that inference was greatly diminished by the fact of the 421 email that says predating This protected activity within two weeks Predating that saying I'm out of the country or I'm not available. Go ahead and terminate her and this was just on the heels of a turf Micromanaging issue where he just said I'm not going to be around or accessible. Go ahead and fire her that undercuts it according to judge Reed to Judge Reed found that because we have the majority of the protected activity occurring Without any negative Whether it's an adverse employment action or anything else happening throughout her employment That's a negative and then the fact that a constant advocate You know where I'm going you're ready for the question. Yes, so a constant advocate doesn't get any protection But it's but an ad hoc advocate does I would argue and I think we've done this in our brief is that It goes the other way where we have a history of a High level executive who? Periodically engage in protected activity without anything happening. In fact got a promotion. In fact got a raise cuts against any argument that suddenly that engaging in protected activity Motivated a decision to terminate her which brings me to the final point from judge read which was four days before she was fired She contradicted another supervisor's Directive to send an employee to another office and said to the employee You don't need to do that and that was it and and that was the reason that judge Reed thought those those specific Pieces of evidence the 421 email the lengthy history of protected activity without any negative Consequence and the fact that again we had this micromanagement issue Raise its head four days before and basically the company said we're out So judge read weighed the evidence and decided how it was going to go Yes, based on the fact that that's the only evidence And and let me interrupt you at summary judgment. We usually don't allow them to weigh the evidence I think I think no no in the Supreme Court's law on our court I I think I think it does I think what judge Reed said on the prima facie case even with temporal proximity There's that inference that was Severely decreased to the point of not having a fact issue as to the prima facie case, but then judge Reed said, okay Let's assume Based on the temporal proximity within the two-week period that we've talked about let's assume There was a prima facie case even though I think the evidence and the law is clear that there was not Let's look at pretext and the court said if you look at pretext, which requires more than temporal proximity The plaintiff is required to prove two prongs one. The decision was false to the decision was motivated by Retaliation that miss Mahler does not even come close to providing evidence to Rebut that burden and there was no fact issue and as a consequence There as a consequence the Retaliation claim was dismissed on summary judgment. I think our brief in regard to the journal. The journal is replete with Hearsay double hearsay triple hearsay and basically all miss Mahler did is sign an affidavit saying it's true The journal was compiled in it in at least August of 2015 after her June 2015 Termination it was compiled in preparation for litigation the ICRC Proceeding Clearly it based on the case law we've cited. I'm out of time The court was correct in determining that it contains self-serving statements and unsworn statements. Okay. Thank you very much. Good. Okay Thank You counsel Mr. Den Thank you your honors so just a few things I want to cover the before versus the after in terms of the Whether something is direct evidence of a retaliatory motive Again we're not going to rehash what you've already discussed with Ramlet, of course four months prior Versus ours being a statement afterwards You know you think of any analogy you want whether it's a you know Premeditated murder case or what have you but an admission after the fact the directs on why I did you know why I did it Would seem to be more direct evidence When somebody four months prior to be an action You Just for I don't know how to explain it other than that it just logic indicates that You're reflecting back. You state. This is why you did it. That's and that's relevant. That's direct evidence and Yeah, the language of it itself egging on lost away at the end again Browning and the other cases Statements by persons involved in the decision-making process that may be viewed so again reasonable jury could they view it? May they view it as a direct admission our position on that is yes. That's a jury question as far as the timing of the termination versus the Some other prior complaints and things of that matter what we have There's the Heaton case in the height Hite versus Vermeer other cases from the 8th Circuit which indicate while there can be an escalating pattern a retaliatory conduct It doesn't have to be the very first incident you terminate retaliation They can be as case law it indicates. They wait for the opportune time they do It doesn't have to be after the first retaliation and I would echo and agree with what your question was about You know people who complain or advocate to more than once shouldn't be treated differently than somebody who complains just once as far as The other the final thing I think I want to just talk about for a minute is the Affidavit of Miss Miss Mahler for one is some of the some of the evidence clearly is is outside of that and I think that the Norton testimony regarding the admission is What we submit is enough to get this to the jury on its own regardless of Mahler's affidavit our position on that is The district court called it two things it called Called it unsworn which it was sworn. She'd attached it to the affidavit said all the statements and that's Journal are true and she called it self-serving and that gets into the case law, which is in the brief the self-serving Tested the cases from this circuit where affidavits have been disregarded because it's self-serving have either been contradictory to prior testimony either interrogatories or depots Or they're strictly conclusory. I deny the allegation kind of statement we have More extensive testimony than that with regard to In the other thing I would just point out this case law was cited in reply brief from both Supreme Court and from the circuit They in terms of its admissibility for purposes of the summary judgment proceeding They offered it the defendants offered the that journal in support of their motion for summary judgment So it's a we submit based upon that alone, it's fully admissible in these proceedings before before you Based upon all these reasons We're asking that you reverse and remand for trial on the various claims before for a jury to decide Thank you counsel. Thank you case number 18 1632 submitted for decision by the court